**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000773
31-DEC-2014
10:39 AM**

NO. CAAP-12-0000773

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

KAPELI MIKA LAFAELE, Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 10-1-0084; CR. NO. 06-1-1590)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Leonard and Reifurth, JJ.)

Petitioner-Appellant Kapeli Mika Lafaele (**Lafaele**) appeals from the Order Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner From Custody, Filed November 4, 2010, filed on August 3, 2012 (**Order Denying Petition**), in the Circuit Court of the First Circuit (**Circuit Court**).[1]

On August 27, 2007, in Cr. No. 06-1-1590, Lafaele was found guilty of Assault in the First Degree after pleading guilty to that charge, as a lesser included offense of Manslaughter. Lafaele was sentenced to five years probation with 18 months imprisonment as a special condition.

On January 25, 2010, the Circuit Court revoked Lafaele's probation and resentenced him to ten years incarceration.

On November 4, 2010, Lafaele filed a Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner

---

[1] The Honorable Richard W. Pollack presided.

From Custody (**Petition**). In the Petition, Lafaele contended that: (1) he did not voluntarily and knowingly enter into the guilty plea; (2) trial counsel failed to disclose favorable evidence to him prior to his plea, *i.e.*, that a prosecution witness was unavailable; (3) trial counsel refused to file an appeal; and (4) trial counsel provided ineffective assistance of counsel for committing the alleged errors above.

On August 3, 2012, after a hearing on the Petition, the Circuit Court entered the Order Denying Petition, which concluded that Lafaele's Petition was without merit.

On appeal, Lafaele claims the Circuit Court erred by denying the Petition because he received ineffective assistance of trial counsel. Lafaele contends that trial counsel failed to inform him that the State was not ready to proceed with its material witness and that trial counsel failed to file an appeal from his guilty plea and probation revocation on January 25, 2010.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Lafaele's points of error as follows:

(1) Lafaele was aware of issues regarding the availability of a State's witness prior to entering into a guilty plea agreement for Assault in the First Degree, as a lesser included offense of Manslaughter. A transcript of the June 14, 2007 trial proceeding indicates that Lafaele was present when his counsel objected to the State's anticipated Opening Statement. His trial counsel stated that the witness was not immediately available for trial, therefore, she objected to any reference to photographs that were dependent on the witness's testimony. The State responded that it would bring the witness to court in a gurney if necessary. The State did not concede that the witness would not testify at trial. The State's Opening Statement alleged that the witness was present at the time of the incident but it did not indicate that the witness would actually testify or what the witness would testify about at trial. In the

2

defense's Opening Statement, Lafaele's trial counsel described the witness as very intoxicated and uncooperative or unresponsive to police questioning at the time of the incident but able to describe the incident in vivid detail later when he was sober.

In addition, at the July 30, 2012 hearing on the Petition, Lafaele's trial counsel testified that after the State notified the Circuit Court about difficulties with the witness, she informed Lafaele of the witness situation, including that "the State may have a problem in their case," and discussed that issue with him in conjunction with their discussion of the plea offer and its possible ramifications, prior to him accepting the plea offer. The Circuit Court found trial counsel to be credible and Lafaele not credible. "It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." State v. Mattiello, 90 Hawai'i 255, 259, 978 P.2d 693, 697 (1999) (citations, internal quotation marks and brackets omitted).

(2) Lafaele's claim that his trial counsel provided ineffective assistance due to her failure to file an appeal from his guilty plea and/or his probation revocation on January 25, 2010 is without merit. Lafaele specifically waived his right to appeal everything that happened up to the time of the guilty plea when he entered into the plea agreement.

> When reviewing a claim of ineffective assistance of counsel, [the appellate court] looks at whether defense counsel's assistance was within the range of competence demanded of attorneys in criminal cases. The defendant has the burden of establishing ineffective assistance of counsel and must meet the following two-part test: 1) that there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence; and 2) that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense. To satisfy this second prong, the defendant needs to show a possible impairment, rather than a probable impairment, of a potentially meritorious defense. A defendant need not prove actual prejudice.

State v. Wakisaka, 102 Hawai'i 504, 513-14, 78 P.3d 317, 326-27 (2003) (citations, internal quotation marks and footnote omitted).

There is no dispute that trial counsel did not file an appeal from either the guilty plea or the January 25, 2010 probation revocation. However, that fact alone is insufficient to prove ineffective assistance of counsel. Lafaele did not specify any withdrawal or substantial impairment of a potentially meritorious defense, much less show a possible impairment due to the failure to file any appeals. Therefore, Lafaele failed to carry his burden to show that trial counsel provided ineffective assistance. The Circuit Court did not err by concluding that trial counsel did not provide ineffective assistance and Lafaele's claims were without merit. Thus, the Circuit Court did not err by denying the Petition.

For these reasons, the Circuit Court's August 3, 2012 Order Denying Petition is affirmed.

DATED: Honolulu, Hawai'i, December 31, 2014.

On the briefs:

Shawn A. Luiz
for Petitioner-Appellant

Donn Fudo
Deputy Prosecuting Attorney
City and County of Honolulu
for Respondent-Appellee

Chief Judge

Associate Judge

Associate Judge

4